UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NICOLE WILLIAMSON et al,

                              Plaintiff,

      v.
                                         Case No. 20-cv-00537

ROBERT MACIOL et al ,

                              Defendants,
_____

The parties held their Rule 26(f) meeting on August 3rd, and they now file the following discovery plan with Court.

**1) JOINDER OF PARTIES:**

Any application to join any person as a party to this action shall be made on or before the 29th of January 2021.

**2) AMENDMENT OF PLEADINGS:**

Any application to amend the pleadings to this action shall be made on or before the 29th of January 2021.

**3) DISCOVERY:**

All discovery in this action shall be completed on or before the 30th day of June 2021 (**Discovery time table is to be based on the complexity of the action**).

**4) MOTIONS:**

All motions, including discovery motions, shall be made on or before the 31st day of August 2021. (**Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order # 25**)

5) **PROPOSED DATE FOR COMMENCEMENT OF TRIAL:**

The action will be ready to proceed to trial on or before the 26th day of October 2021. It is anticipated that the trial will take approximately 4 days to complete.

6) **HAVE THE PARTIES FILED A JURY DEMAND:** _____(YES) / __X_(NO)

7) **DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT"S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

Yes, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). All parties are subject to the Court's jurisdiction because all events described in the Complaint occurred in the Northern District of New York, and all parties have been served.

8) **WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDING COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE?**

The Plaintiffs allege that Defendants violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by maintaining a policy and practice of providing make prisoners greater access to resources, benefits and privileges than female prisoners.

The Sheriff's Office disputes that its practices violate federal law or the constitution.

**WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Whether Plaintiffs failed to comply with the requirements of the Prison Litigation Reform Act in exhausting their administrative remedies before the commencement of the action.

9) **CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTION? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties may be able to further narrow the issues in this litigation by agreement, or by motions, after conducting discovery.

10) **WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs do not seek damages. Plaintiffs seek to enjoin the Defendants to provide them with housing conditions, privileges and benefits that are in parity with those received by male prisoners.

11) **DISCOVERY PLAN:**

A. **Mandatory Disclosures**

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) by August 10, 2020.

B. **Subjects of Disclosure**

**The parties jointly agree that discovery will be needed to address the following subjects**:

Going forward, all parties agree that discovery will be needed to address all of the allegations set forth in the Complaint and all of the defenses set forth in the Defendant's Answer.

C. **Discovery Sequence**

**Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.**

The parties have agreed that the schedule set forth below represents a reasonable timeline for fact discovery, expert discovery, and submission of dispositive motions:

| Event | Due Date |
| --- | --- |
| Deadline for initial disclosures | August 17, 2020 |
| Deadline for joinder of all parties | January 29, 2021 |
| Deadline for amendment of pleadings | January 29, 2021 |

| | |
|---|---|
| Close of fact discovery. All interrogatories, depositions, requests for admissions, and requests for production shall be served within sufficient time to allow responses to be completed prior to the close of discovery | June 30, 2021 |
| Deadline for initial expert disclosures | March 31, 2021 |
| Deadline for responsive expert disclosures | April 30, 2021 |
| Deadline for rebuttal expert reports | May 31, 2021 |
| Close of expert discovery | June 30, 2021 |
| Any party planning to make a dispositive motion must take the first action beginning the motion process by this date or risk forfeiting the right to make such a motion. | August 31, 2021 |
| Trial | October 26, 2021 |

D.  **Written Discovery**

**Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.**

The parties anticipate serving discovery demands covering the allegations in Plaintiffs' Complaint and the defenses in Defendants' Answers. The parties do not anticipate a need to exceed the number of interrogatories permitted under Rule 33 of the Federal Rules of Civil

4

Procedure. The parties will serve interrogatories, document requests, and requests for admission before May 31, 2021, the close of fact discovery.

    E. **Depositions**

**Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.**

At this time, Plaintiffs anticipate deposing approximately 5 witnesses. Plaintiffs reserve their right to seek leave from the Court pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure to conduct more than 7 depositions in this matter.

Defendants anticipate deposing approximately 3-5 witnesses but that may change based on discovery.

Pursuant to Rule 30(a)(2)(B) the parties will seek leave from the Court to depose persons confined in prison. The parties anticipate that non-party fact depositions will be conducted.

    F. **Experts**

**Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).**

At this time Plaintiffs have not made a decision on the retention of experts. The parties are unaware of any issues that, at this moment, need to be addressed by the Court.

    G. **Electronic Discovery**

**Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work**

**product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.**

All electronically stored information ("ESI") produced in response to a party's document requests or subpoena(s) shall be produced in electronic form on thumb drive, CD or DVD media. The parties specify the following formats for production:

a. For ESI consisting of document images (scanned or otherwise): (i) searchable PDF for all files that exist in that format, and (ii) non-searchable PDF or TIFF for all other files;

b. For text, HTML, Microsoft Office, or WordPerfect documents: produce the documents in their native format;

c. For data files from any other desktop applications (e.g., Excel): produce the documents in their native format;

d. For email messages: produce the documents in their native format;

e. For any databases and database tables: produce in a format that is readable and is reasonably usable with commonly available free or commercial software, with preference for Excel. Parties agree to engage in further good-faith discussions to the extent such productions are necessary;;

f. For reports generated from database applications : produce in their native format ;

g. Any items not specifically enumerated above shall be produced in a format that is readable in a reasonably usable manner with commonly available free or commercial software; and

h. All items shall be produced with sufficient electronic folder structure, folder names, and/or associated metadata or index so as to reasonably indicate the following: (i)

which request the item is responsive to; (ii) if the item relates to a named plaintiff, non-named plaintiff, or employee(s) or board member(s) of a defendant; (iii) where items (including attachments) and folders begin and end; and (iv) the original file name (if changed in order to comply with the above instructions). Documents stored electronically are to be produced in a text-searchable electronic form or in such other form as the parties may mutually agree.

**H. Protective Orders**

**If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.**

The parties do not anticipate requesting a protective order.

**I. Anticipated Issues Requiring Court Intervention**

**Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.**

The parties are not currently aware of any issues that would require the Court's intervention other than those described in paragraphs (E) and (H) above.

12) **IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

At this time, the parties are unaware of any means by which they can shorten the length of trial. The parties will, however, revisit this issue again before the commencement of trial.

13) **ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

The parties are unaware of any pending related case.

14) **IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

    Plaintiffs filed a motion for class certification on May 21, 2020.

15) **WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

    1 XX -----2-----3-----4-----5-----6-----7-----8-----9 -----10 XX

(VERY UNLIKELY)→→→→→→→→→→→→(LIKELY)


**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

    Unknown.

16) **IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:**

    The case was not selected as qualifying for mandatory mediation.

*******************************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on August 3, 2020 via email with the participation of:

- Joshua Cotter for Plaintiffs;

- David H Walsh, Defendants;

DATED: August 3, 2020	KENNEY SHELTON LIPTAK NOWAK LLP

	_____
	David H. Walsh, Esq.
	Bar Roll No.: 512032
	*Attorneys for Defendants,*
	*Robert Maciol, Oneida County Sheriff*
	*Lisa Zurek, Chief Deputy Oneida County Jail*
	4615 North Street
	Jamesville, NY 13078
	(315) 492.3000