**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

SARAH BARRETT, *on behalf of herself*
*and all others similarly situated*,

         Plaintiff,

  - v -           Civ. No. 9:20-CV-0537
                (MAD/DJS)

ROBERT MACIOL, *Oneida County Sheriff*
and LISA ZUREK, *Chief Deputy Oneida County*
*Jail*,

         Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LEGAL SERVICES OF CENTRAL NEW YORK<br>*Attorney for Plaintiff*<br>221 South Warren Street, Suite 300<br>Syracuse, New York 13202 | JOSHUA T. COTTER, ESQ. |
| KENNEY SHELTON LIPTAK NOWAK LLP<br>*Attorney for Defendants*<br>4615 North Street<br>Jamesville, New York 13078 | DAVID H. WALSH, IV, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DISCOVERY ORDER

  The genesis of this matter is a claim by Plaintiff, and others similarly situated, that the January 2020 transfer of female inmates from pod housing to linear housing at the Oneida County Jail violated their rights under the Equal Protection Clauses of both the Fourteenth Amendment to the United States Constitution and the New York State Constitution because similarly situated male inmates were not transferred and were

1

subject to superior housing conditions.  Dkt. No. 1, Compl.  A Uniform Pretrial Scheduling Order in this case was issued on August 14, 2020 and called for the completion of discovery by June 30, 2021.  Dkt. No. 32.  In the interim, an interlocutory appeal was heard, and an exhaustion hearing was held.  Dkt. Nos. 35, 55, 69, & 73.  As a result, discovery was extended until September 30, 2021.  Dkt. No. 76.

The matter has proceeded through discovery relatively smoothly, with counsel working together.  On September 28, 2021, defense counsel wrote to the Court regarding a discovery dispute that had arisen in connection with Plaintiff's request for production of disciplinary writeups for female inmates during the four-year period from January 22, 2017, until January 22, 2021.  Dkt. No. 77.  Defense counsel noted that the writeups for the period in question exceeded 8,000 and were not separated by gender, and therefore their production would cause a substantial burden to the County of Oneida Defendant. *Id*.  Plaintiff's counsel then provided a response.  Dkt. No. 78.  Regarding the disciplinary records, Plaintiff's counsel notes that such information is needed to properly prosecute Plaintiff's equal protection claim.  In particular, counsel wishes to use the actual history of female discipline at the jail to dispute the Defendants' contention that it was safer to house female inmates in the linear housing unit.  *Id.*  Plaintiff's counsel also noted that there were other outstanding discovery demands that had gone unanswered for nearly 8 months.  *Id.*

To resolve this dispute, a discovery conference was held with the Court on September 29, 2021.  During the conference counsel for Defendants acknowledged that additional information regarding the process for producing the requested disciplinary

2

writeups would be helpful to the Court in making its determination, and therefore requested additional time to obtain that information. The Court granted that request for more time and extended the discovery deadline to December 31, 2021. Dkt. No. 81.

On October 8, 2021, Defendants filed with the Court an updated status letter concerning the procedure for production of female inmate disciplinary writeups from January 22, 2017 to January 22, 2021. Dkt. No. 85. Counsel noted that the records are kept in digital form, with records from January 22, 2017 to July 10, 2018 being held "in-house" and the records from July 11, 2018 to January 22, 2021 being held by a third-party vendor, "Black Creek Integrated Systems." *Id*. The first timeframe is believed to incorporate approximately 6,000 pages of disciplinary records, and the second period includes approximately 23,000 pages. *Id*. It appears that the records are not separated by gender, but with regard to the documents maintained by Black Creek, search criteria can be created which can limit the produced documents to a particular date range, gender, and whether the matter was referred out for discipline. *Id*. In response to this information, Plaintiff's counsel agreed to narrow his request to only female disciplinary records from July 11, 2018 to January 22, 2021. Dkt. No. 86.

Having considered the theory of the case and the defenses asserted; having heard from counsel; and having considered the concept of proportional relevancy, the Court grants the Plaintiff's Letter-Motion in part. In particular, the Court believes that female disciplinary records for the one year period prior to the move to linear housing, as well as the one year of records after the move to linear housing, may well provide the comparative information which Plaintiff's counsel seeks. This time period (1/22/2019 – 1/22/2021)

will also allow the Defendants to have their third-party vendor produce the gender-specific relevant information in an electronic form that can be easily utilized without the necessity of diverting Defendant's personnel to perform the task.  Of course, since some of the records will involve personal and confidential information of inmates at the facility, the Court directs that the parties negotiate a protective order to be "so ordered" by the Court, pursuant to which these records will be held.  Defense counsel is directed to consult with its third-party vendor to request the information identified above as quickly as possible, and to provide the Court and Plaintiff's counsel with an update as to the expected production date.

Finally, no specific objections have been presented to the Court regarding Plaintiff's other document demands.  Insofar as those demands have not been responded to, defense counsel is directed to provide a response within 14 days of this Order.

**SO ORDERED.**

Dated: October 22, 2021
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

4